UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHAWN MICHAEL BALL,

    Plaintiff(s),

v.

COUNTY OF CLARK, et al.,

    Defendant(s).

Case No. 2:24-cv-01352-APG-NJK

**ORDER**

Plaintiff has been granted *in forma pauperis* status in an order issued concurrently herewith, so the Court screens his complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.  STANDARDS**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do

not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.    ANALYSIS**

Plaintiff brings a § 1983 case based on the allegations that he is innocent of the crimes on which he was convicted, Docket No. 1-1 at 8, that his public defender provided inadequate legal representation, *see id.* at 3, 6-7, that the prosecutor failed to properly investigate the case, *see id.*, that the public defender and prosecutor worked together improperly, *see id.*, and that Plaintiff agreed to plead guilty as a result of unfair pressure, *see id.*

A § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In determining whether a claim is barred by *Heck*, the critical question is whether finding in the plaintiff's favor on a § 1983 claim would necessarily imply the invalidity of his conviction or sentence. *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). Claims arising out of alleged ineffective assistance by defense counsel, for malicious prosecution by the prosecutor, or challenging the voluntariness of a plea agreement are all barred under *Heck*. *See, e.g.*, *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995); *Mathis v. Amburgey*, 2023 WL 5052046, at *3 (D. Nev. Aug. 7, 2023).

In this case, Plaintiff's allegations clearly imply the invalidity of his conviction, arguing that he is actually innocent, that his lawyer was ineffective, that the Government proceeded against

him without an evidentiary basis, and that his agreement to plead guilty resulted from improper pressure. Plaintiff has not, however, shown that his conviction has been reversed, expunged, declared invalid, or called into question. Accordingly, Plaintiff cannot proceed with his claims in this civil action.[1]

Although it is not clear that the above deficiencies can be cured, the Court will afford Plaintiff an opportunity to file an amended complaint if he believes they can be.

### III. CONCLUSION

For the reasons explained above, Plaintiff complaint is **DISMISSED** with leave to amend. Plaintiff will have until **September 23, 2024**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to file an amended complaint by the deadline set above may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: August 23, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Although the Court focuses herein on the *Heck* bar, there appear to be other potential obstacles to Plaintiff's claims, including that prosecutors are protected by immunity for their actions associated with their prosecutorial functions, *e.g.*, *Botello v. Gammick*, 413 F.3d 971, 975-76 (9th Cir. 2005), that public defenders are not generally considered state actors for purposes of § 1983, *e.g.*, *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*), and that municipal bodies are not liable for constitutional violations unless they result from their policy, practice, or custom, or a decision-making official directed or ratified the identified conduct. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978).