UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAWN MICHAEL BALL,<br><br>       Plaintiff,<br><br>v.<br><br>COUNTY OF CLARK, *et al.*,<br><br>       Defendants. | Case No. 2:24-cv-01352-APG-NJK<br><br>**Order** |

On August 23, 2024, the Court screened Plaintiff's original complaint and dismissed it with leave to amend. Docket No. 7. On September 13, 2024, Plaintiff filed a motion to accept a standard 1983 instead of an amended complaint. Docket No. 10. As the motion includes an amended complaint, Docket No. 10-1, the Court herein screens that amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.    STANDARDS**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265,

286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.    ANALYSIS**

Plaintiff brings a § 1983 case based on the allegations that the prosecutor conspired against him, that his public defender provided inadequate legal representation, that the public defender and prosecutor worked together improperly, that the judge overseeing his case allowed the improper relationship between the public defender and prosecutor, and that Plaintiff was coerced into taking a plea deal. Docket No. 10-1.

A § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In determining whether a claim is barred by *Heck*, the critical question is whether finding in the plaintiff's favor on a § 1983 claim would necessarily imply the invalidity of his conviction or sentence. *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). Claims arising out of alleged ineffective assistance by defense counsel, for malicious prosecution by the prosecutor, or challenging the voluntariness of a plea agreement are all barred under *Heck*. *See, e.g., Guerrero*

*v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995); *Mathis v. Amburgey*, 2023 WL 5052046, at *3 (D. Nev. Aug. 7, 2023).

In this case, Plaintiff alleges that he "would not be a sex offender" if Defendants had not violated his rights and requests that his conviction be vacated, which clearly implies the invalidity of his conviction. Docket No. 10-1 at 5, 10. Just like Plaintiff's original complaint, this amended complaint fails to demonstrate that Plaintiff's conviction has been reversed, expunged, declared invalid, or called into question. Accordingly, Plaintiff cannot proceed with his claims in this civil action.[1]

Having determined that Plaintiff's amended complaint fails to state any colorable claim for relief, the court must decide whether to afford Plaintiff leave to amend. A plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear that the deficiencies cannot be cured by amendment. *Cato*, 70 F.3d at 1106. Leave to amend is not automatic, however, and "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

Whether to grant leave to amend is a close question in this case. Plaintiff's amended complaint fails as a matter of law and simply cannot be cured through amendment. Moreover, Plaintiff has previously been afforded an opportunity to amend the complaint and was specifically cautioned to ensure that he included a fulsome and clear factual discussion of whether Plaintiff's conviction has been reversed, expunged, declared invalid, or called into question. *See* Docket No. 6 at 3. Nonetheless, the Court will afford Plaintiff one final opportunity to amend the complaint if he believes that any of the above deficiencies can be cured.

---

[1] Although the Court focuses herein on the *Heck* bar, there appear to be other potential obstacles to Plaintiff's claims, including that prosecutors are protected by immunity for their actions associated with their prosecutorial functions, *e.g.*, *Botello v. Gammick*, 413 F.3d 971, 975-76 (9th Cir. 2005), that public defenders are not generally considered state actors for purposes of § 1983 claim, *e.g.*, *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*), and that there is an immunity for acts performed by judges that relate to the "judicial process." *Curry v. Castillo*, 297 F.3d 940, 947 (9th Cir. 2002).

### III.  CONCLUSION

For the reasons explained above, Plaintiff's motion to accept a standard 1983 form instead of a complaint is **DENIED.** Docket No. 10.  The Court nonetheless has screened Plaintiff's amended complaint.  Plaintiff's amended complaint is **DISMISSED** with leave to amend.  Docket No. 10-1.  Plaintiff will have until November 25, 2024, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to file an amended complaint by the deadline set above may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: October 28, 2024

_____
Nancy J. Koppe
United States Magistrate Judge